# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2016

No. 15-50119
Cons. w/ No. 15-50665

Lyle W. Cayce
Clerk

ROSWITHA M. SAENZ, Individually and on the behalf of the estate of Daniel Saenz,

   Plaintiff - Appellee

v.

JOSE FLORES,

   Defendant - Appellant

------------------------------------------------------------

Consolidated With
Case No. 15-50665

ROSWITHA M. SAENZ, Individually and on the behalf of the estate of Daniel Saenz,

   Plaintiff - Appellee

v.

ALEJANDRO ROMERO, also known as John Doe,

   Defendant - Appellant

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-244

---

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

No. 15-50119 Cons. w/ No.15-50665

PER CURIAM:*

This is a consolidated appeal of two cases arising out of Daniel Saenz's ("Saenz") shooting death while in police custody. Saenz's mother Roswitha Saenz ("Roswitha")[1] sued multiple defendants, including Appellants Jose Flores ("Flores"), the El Paso police officer who shot Saenz, and Alejandro Romero ("Romero"), an employee of a private security company who was assisting in the transport of Saenz. The district court denied in part Flores and Romero's respective motions to dismiss on the grounds that, *inter alia*, neither was protected by qualified immunity—though for different reasons. The district court found that, with regard to Flores, Roswitha's pleadings satisfied the well-established two-prong test necessary to overcome an invocation of qualified immunity. In Romero's case, the district court found that Romero failed to adequately invoke qualified immunity in the first place. Both Flores and Romero filed interlocutory appeals of the denial of qualified immunity. We AFFIRM as to Flores, but REVERSE and REMAND as to Romero.

I

The district court has recounted the facts of this case on prior occasions. *See Saenz v. G4S Secure Solutions (USA) Inc.*, No. 14-244, Dkt. No. 132, slip op. at 3-5 (W.D. Tex. July 6, 2015); *Saenz v. City of El Paso*, No. 14-244, Dkt. No. 86, slip op. at 2-4 (W.D. Tex. Jan. 28, 2015).

II

A denial of a motion to dismiss based on a defense of qualified immunity is a collateral order capable of immediate review. *Club Retro, L.L.C. v. Hilton,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Because the decedent (Daniel Saenz) and plaintiff (Roswitha Saenz) share a last name, we refer to the plaintiff by her first name throughout.

No. 15-50119 Cons. w/ No.15-50665

568 F.3d 181, 194 (5th Cir. 2009). "Our jurisdiction, however, is severely curtailed: we are restricted to determinations of question[s] of law and legal issues, and we do not consider the correctness of the plaintiff's version of the facts." *Id.* (quoting *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251-52 (5th Cir. 2005)) (alteration in original) (internal quotation marks and citations omitted). Within this limited jurisdiction, this court reviews defendants' invocations of qualified immunity de novo. *Id.* This court must "accept all well-pleaded facts as true, draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party." *Id.* To survive a motion to dismiss, plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III

The district court found that, although Flores did adequately invoke qualified immunity, Roswitha's pleadings satisfied the well-established two-prong test necessary to overcome qualified immunity. *See Club Retro*, 568 F.3d at 194. The district court concluded that Roswitha's deprivation of life and excessive force claims adequately alleged violations of Saenz's Fourteenth Amendment rights, and that said rights were clearly established at the time of the alleged conduct. We agree that Roswitha pled sufficient facts to survive a motion to dismiss based on qualified immunity. *See, e.g.*, *Webster v. City of Houston*, 735 F.2d 838, 845 (5th Cir. 1984) (en banc) ("The victim of a wrongful shooting by a police officer also has a claim . . . for redress of substantive constitutional violations such as the use of excessive force during an arrest . . . or the taking of life without due process of law."); *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998) (noting that the Fourteenth Amendment protects pretrial detainees from excessive force); *Bazan ex rel.*

No. 15-50119 Cons. w/ No.15-50665

*Bazan v. Hidalgo Cty.*, 246 F.3d 481, 487-88 (5th Cir. 2001) (holding that "[d]eadly force is a subset of excessive force").

Regarding Romero's appeal, the district court, sua sponte, denied Romero qualified immunity in part because it found that, outside the narrow context of his use of handcuffs, Romero failed to adequately invoke qualified immunity in his pleadings. We disagree. Romero alleged that he was acting in the scope of his employment with a private security company under its contract with the City of El Paso when he assisted in transporting Saenz to jail. He also noted that Roswitha's own pleadings stated that Romero's responsibilities in transporting prisoners had traditionally been the exclusive province of the state, and that he was therefore in a "position of interdependence" with the City of El Paso. In addition, Romero's pleadings explicitly stated that he was entitled to qualified immunity with respect to Roswitha's 42 U.S.C. § 1983 claims on multiple occasions. Taken together, these assertions are sufficient to invoke the defense of qualified immunity, and the district court erred in holding that Romero failed to do so. We stress, however, that we do not rule here on whether Romero, as an employee of a private contractor, is entitled to qualified immunity as a threshold matter. The district court should determine on remand whether Romero is entitled to qualified immunity in the first instance.

IV

We AFFIRM the judgment of the district court as to Flores, and REVERSE and REMAND for further proceedings as to Romero.